UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN MICHAEL BUEHRLE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:08CV443 HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

This matter is before the court on Movant's Motion for Appointment of Counsel, [Doc. No. 4]. The Court notes that there is no Sixth Amendment right to in § 2255 proceedings. See *Clay v. Bowersox*, 367 F.3d 993, 1005 (8th Cir. 2004) ("There is no federal constitutional right to the effective assistance of post-conviction counsel."); *United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir. 1999) ( "There is no general right to counsel in post-conviction habeas proceedings for criminal defendants."); *Pollard v. Delo*, 28 F.3d 887, 888 (8th Cir. 1994); *Abdullah v. Hedrick,* 392 F.3d 957, 964 (8th Cir. 2004).

The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments.

*Edgington v. Missouri Dep't of Corr.,* 52 F.3d 777, 780 (8th Cir.1995), *abrogated on other grounds, Doe v. Cassel,* 403 F.3d 986, 989 (8th Cir.2005). In considering a motion to appoint counsel for an indigent plaintiff, the court should "determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).

Movant seeks to vacate, set aside or correct his sentence under 28 U.S.C. 2255 based on his allegations that his term of supervised release is above and beyond what the statute requires; the conditions of supervised release are a greater deprivation of liberty than is reasonably necessary for various reasons; and ineffective assistance of counsel. The Motion sets forth the facts upon which this claim is based and Movant has set forth the grounds upon which he claims his rights have been violated. This case does not appear to be so complex that Movant is unable to pursue this action without the assistance of counsel.

Having considered the factual complexity of the case, the basis upon which Movant's claims rest, the ability of Movant to present his claim, and the complexity of the legal issues involved in this case, *see Johnson v. Williams*, 788 F.2d 1319, 1323 (8th Cir. 1986), the Court concludes that appointment of counsel is not warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion for Appointment of Counsel [Doc. No. 4] is denied without prejudice.

Dated this 29th day of April, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE