UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN MICHAEL BUEHRLE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | No. 4:08CV443 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. No. 1], and Movant's Motion to Proceed *In Forma Pauperis* for the purpose of seeking Court appointed Counsel for Discovery, [Doc. 21]. Pursuant to this Court's Order, the government has responded to the motion to vacate. For the reasons set forth below, the Motions are denied without a hearing.

## Motion for Leave to Proceed *In Forma Pauperis*

Movant asks the Court to find him indigent and thereafter appoint counsel for discovery purposes in this matter. On April 29, 2008, the Court denied Movant's Motion for Appointment of Counsel. The Court determined that this matter was not so complex that Movant was unable to pursue this action without the assistance of counsel. Indeed, Movant's Motion and Memorandum in Support of the Motion

demonstrate that Movant is capable of researching the law and presenting his position to the Court in a very articulate, well reasoned manner. Furthermore, because the Court has determined that this matter may be resolved without the need for a hearing, Movant's desire for discovery is academic.

Based on this Court's previous analysis and its renewed review of the pending Motion, the Motion to Proceed *In Forma Pauperis*, for the purpose of securing Court appointed counsel is denied.

## Movant's Claims

Movant makes the following claims:

**Ground One**: Length of Term of Supervised Release is Greater than Necessary

**Ground Two**: Participation in a Mental Health Program for Life is Unreasonable and Greater than Necessary

**Ground Three**: Prohibiting Contact with [His] Own Child(ren) Violates Due Process Rights and is Greater than Reasonably Necessary

**Ground Four**: Condition Limiting Employment Where There is Access to Minors is Greater than Necessary

**Ground Five**: Prohibiting Loitering Around Places Where Children Frequent is Greater than Necessary

**Ground Six**: Restriction on "Obscene Material" is Unconstitutionally Vague and is Greater than

Necessary

**Ground Seven:** Prohibition on Post Office Boxes is Not Reasonably Related and a Greater Deprivation of Liberty Than is Necessary

**Ground Eight:** Warrantless Searches of Areas Buehrle Does Not have Common Authority is Greater than Necessary

**Grounds Nine and Ten :** Prohibiting Possession or Use of a Computer and Requiring [Movant] to Report All Computer Equipment and Electronics He Possesses to His Probation Officer is Greater Than Necessary

**Ground Eleven:** [Movant's] Counsel did not Provide Effective Assistance.

### Facts and Background

Movant was indicted and charged with one count of possessing material involving the sexual exploitation of a minor. The parties entered into a plea agreement which provided that, in exchange for Movant's plea of guilty, the Government agreed not to bring any further federal prosecutions against him relative to his possession of child pornography from a date unknown through and including August 17, 2006.

Movant acknowledged in the plea agreement that he understood that the Court could impose supervised release with standard conditions and special conditions which relate to the crime he committed. He acknowledged that these special conditions may have included that he comply with all sex offender

registration laws, that he not possess a computer or internet access, that he would have no contact with minors without the authorization of his probation officer, that he would participate in sexual offender counseling and that he would not maintain a post office box.

Movant also specially agreed that he was fully satisfied with the representation he received from defense counsel. He also agreed that defense counsel had completely and satisfactorily explored all areas which Movant had requested relative to the Government's case and any defenses.

Movant appeared in open court on February 12, 2007, at which time he formally entered his plea of guilty to the charge. The Court reviewed the terms of the plea agreement and questioned Movant as to his understanding thereof. The Court questioned Movant as to counsel's representation. Movant admitted in open court that he was fully satisfied with counsel's representation, that he understood the terms of the plea agreement, that counsel had performed all tasks and investigation requested of him, that he was entering into the plea agreement of his own free will and that it was what he wanted to do. At no time did Movant voice any dissatisfaction with defense counsel, nor did he raise any questions with respect to any of the terms of the plea agreement.

## Standards for Relief Under 28 U.S.C. 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims brought under § 2255 may also be limited by procedural default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S.

424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's remaining claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

### Discussion

### Discussion

### Waiver of Appeal and § 2255 Rights

Plea bargaining does not violate the Constitution, even though a guilty plea waives important constitutional rights. *Newton v. Rumery,* 480 U.S. 386, 393, (1987). It is well-settled that a defendant may affirmatively waive particular

constitutional rights. *See Boykin v. Alabama,* 395 U.S. 238, 243 (1969) (right to a jury trial, to confront and cross-examine witnesses, and to the Fifth Amendment privilege against self-incrimination); *Faretta v. California,* 422 U.S. 806 (1975) (right to counsel). Movant waived his rights to appeal certain issues by reason of his guilty plea. By pleading guilty, Movant waived all non-jurisdictional issues. *United States v. Limley*, 510 F.3d 825, 827 (8th Cir. 2007).

When a defendant waives his appeal and post conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made. *DeRoo v. United States,* 223 F.3d 919, 923 (8th Cir.2000) (citing *United States v. Goings,* 200 F.3d 539, 543 (8th Cir.2000)). Plea agreements that include appeal waivers are enforceable. *See United States v. Clayborn*, 249 F.App'x. 495 (8th Cir. 2007).

Movant entered his guilty plea pursuant to a plea agreement in which he waived his right to bring a direct appeal, and his right to bring a 28 U.S.C. § 2255 challenge on any ground other than prosecutorial misconduct or ineffective assistance of counsel. The Court will enforce the waiver here. The record reflects that Movant understood and voluntarily accepted the terms of the plea agreement, including the waiver of his rights under Section 2255; this motion falls within the scope of the waiver; and no injustice would result. *United States v. Mendoza,* 341

F.3d 687, 695 (8th Cir. 2003). Claims based on ineffective assistance of counsel, however, may be raised in section 2255 proceedings. *See United States v. Hughes,* 330 F.3d 1068, 1069 (8th Cir.2003).

Initially, Movant argues that his waiver of his rights to bring his post conviction motion was not knowing and voluntary. Movant argues that because he is not a trained legal professional, his waiver was not knowing or voluntary. Movant's "ignorance" of what he was committing to in the plea agreement is belied by the record. Not only did this Court question Movant as to his intent, the Court also ascertained that Movant understood, and could read and write the English language. The explanation of the possible conditions was fully set out in the plea agreement, and, in spite of Movant's claimed lack of understanding of his post conviction remedies waiver, he was fully apprised of the possible special conditions. At no time did he question any of the conditions during the Court's questioning. The Court therefore concludes that Movant's waiver was valid and is enforceable. As such, grounds One through Ten have been waived.

Even absent the waiver, grounds One through Ten would not provide a basis upon which Movant could obtain relief. The conditions imposed by the Court were those of which Movant was completely advised in the plea agreement and Movant specifically acknowledged that he may be subject to them. Moreover, the

conditions, as applied to Movant, do not violate the constitution nor are they fundamentally unjust.

> A district court has broad discretion to order special conditions of supervised release if each condition: 1) "is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a)"; 2) "involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a)"; and 3) "is consistent with any pertinent policy statements issued by the Sentencing Commission." *United States v. Mark*, 425 F.3d 505, 507 (8th Cir.2005), citing 18 U.S.C. § 3583; *United States v. Boston*, 494 F.3d 660, 667 (8th Cir.2007). A condition is reasonably related if tailored to "the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medicinal or other correctional needs." *United States v. Crume*, 422 F.3d 728, 733 (8th Cir.2005).

*U.S. v. Bender,* 566 F.3d 748, 751 (8th Cir. 2009).

Each special condition included in Movant's sentence was imposed based on Movant's crime. Movant downloaded over 500 pornographic pictures depicting minors; he admitted to self gratification daily while viewing the photographs. Although Movant attempts to make comparisons with other child pornographers and makes an argument that there are no "direct" victims[1] of his crime, this Court

---

[1] The Court feels compelled to point out again, that each time Movant downloaded child pornography, that child was indeed once again victimized; each time Movant downloaded child pornography, he participated in the proliferation of victimizing children; each time Movant downloaded child pornography, he victimized all the children who have been exploited through pornographic photographs.

concluded that each condition was reasonable and applicable given the volume of photographs and Movant's daily activities.

A lifetime of supervised release is authorized by 18 U.S.C. § 3583(k). See *United States v. Boston*, 494 F.3d 660, 668 (8th Cir. 2007)(affirming lifetime supervised release).

Grounds Two, Three, Four, Seven, Eight, Nine, and Ten: Although Movant argues that the Court unreasonably delegates its judicial authority to the probation officers, the Court may delegate limited authority to non-judicial individuals "'so long as the delegating judicial officer retains and exercises ultimate responsibility.' *United States v. Mickelson*, 433 F.3d 1050, 1056 (8th Cir.2006), discussing *United States v. Kent*, 209 F.3d 1073, 1079 (8th Cir.2000). In this case, the district court 'gave no indication that it would not retain ultimate authority over all of the conditions of [Movant's] supervised release.' *Mickelson*, 433 F.3d at 1057; see also *United States v. Kerr*, 472 F.3d 517, 524 (8th Cir.2006) (rejecting impermissible delegation argument because 'the district court made no such statements indicating it was relinquishing final authority or granting the probation officer carte blanche over [Movant's] treatment').
*Bender,* 566 F.3d at 752.

Ground Five: As the Government correctly points out, "other places"

frequented by minor children is to be construed as those places where children under the age of eighteen actually congregate. *United States v. Ristine*, 335 F.3d 692, 697 (8th Cir. 2003); *Bender,* 566 F.3d at 753.

Considering the goals to be achieved through the sentence imposed, Movant should be mindful that the intent is not to unreasonably limit his constitutional rights, rather, the intent is to protect the public and to deter Movant from future crimes. This Court is confident that the non-judicial officers entrusted with Movant's supervision will not abuse that trust in such a way as to impose Movant's constitutional rights, and Movant is free to petition the Court during his supervised release in the event that it becomes necessary for further Court review.

All of the special conditions imposed were imposed based on Movant's conduct and are reasonably related thereto, as discussed by the Government in its brief. The conditions are not without limitations to the extent Movant may work with his probation officer during his supervision.

### Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of

counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged

deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

Where a defendant raises multiple claims of ineffective assistance, each claim of ineffective assistance must be examined independently rather than collectively. *Hall v. Luebbers,* 296 F.3d 385, 692-693 (8th Cir.2002); *Griffin v. Delo,* 33 F.3d 895, 903-904 (8th Cir.1994).

Movant argues, as Ground Eleven, that he received ineffective assistance of counsel. Movant claims that counsel failed to conduct research regarding supervised release terms and conditions. Because the conditions imposed on Movant during his supervised release were not unreasonable, Movant's contention that counsel was ineffective for failing to conduct research is without merit. Moreover, the plea agreement specifically detailed the kinds of conditions that may be imposed. Movant advised the Court that he understood the plea agreement and that he entered it of his own free will. He advised the Court that counsel had performed to his satisfaction. Given that the conditions were disclosed in the plea agreement, Movant cannot now claim counsel did not advise him properly.

## Conclusion

Based upon the foregoing analysis, Movant waived his right to challenge any of the special conditions of his supervised release in the plea agreement. Even so, none of the grounds upon which Movant relies to challenge those conditions entitles him to relief. Likewise, Movant has failed to establish that counsel provided

ineffective assistance.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 20th day of July, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE